UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM M. MCDERMOTT,<br>      Plaintiff<br><br>v.<br><br>MARCUS, ERRICO, EMMER &<br>BROOKS, P.C.,<br>      Defendant | )<br>)<br>)<br>)   C.A. NO.: 1:09-cv-10159-MBB<br>)<br>)<br>)<br>)<br>) |

## MOTION OF THE DEFENDANT, MARCUS, ERRICO, EMMER & BROOKS, P.C., FOR JUDGMENT ON PARTIAL FINDINGS PURSUANT TO FED.R.CIV.P. 52(c)

The Defendant, Marcus, Errico, Emmer & Brooks, P.C., moves, pursuant to Fed.R.Civ.P. 52(c), that this Honorable Court enter judgment on partial findings in favor of the Defendant as to the claims of the Plaintiff, William M. McDermott, in light of the following issues. See Halpin v. Atkinson-Kiewit, J.V., 894 F.Supp. 486, 494 (D.Mass. 1995) ("in proceeding pursuant to Rule 52(c), Fed.R.Civ.P., the evidence is not taken in the light most favorable to the plaintiff").

As grounds for this motion, the Defendant states:

1. The conduct on the part of Marcus, Errico, Emmer & Brooks, P.C. ("MEEB") which the Plaintiff claims was a violation of the Fair Debt Collection Practices Act ("FDCPA") and Massachusetts General Laws Chapter 93A, relative to collecting delinquent condominium common expense assessments, was authorized by, and in accordance with, the underlying condominium documents and applicable law. 15 U.S.C. §1692f(1). See M.G.L. c. 183A, §6.

2. The issues that the Plaintiff seeks to litigate in this matter in support of his FDCPA and c. 93A claims have been previously litigated and determined and re-litigation of such issues is precluded in this matter. See Enica v. Principi, 544 F.3d 328, 336 (1st Cir. 2008).

3. Enforcement of a security interest, such as the lien established by M.G.L. c. 183A, does not qualify as debt collection activity under the FDCPA, except for purposes of 15 U.S.C. §1692f(6), a provision which has not been relied upon by the Plaintiff in this case. See Warren v. Countrywide Home Loans, Inc., 342 Fed.Appx. 458, 460

(11th Cir. 2009); <u>Kaltenbach v. Richards</u>, 464 F.3d 524, 527 (5th Cir. 2006); <u>Montgomery v. Huntington Bank</u>, 346 F.3d 693, 700-701 (6th Cir. 2003); <u>Beadle v. Haughey</u>, 2005 WL 300060 (D.N.H. 2005). <u>See also</u> 15 U.S.C. §1692a(6).

4. In light of the statutory lien established by M.G.L. c. 183A, condominium assessments do not constitute debts for purposes of the FDCPA. <u>See</u> <u>Azar v. Hayter</u>, 874 F.Supp. 1314 (N.D.Fla. 1995).

5. The common expenses which the Plaintiff owed relative to the rental unit constituted commercial, as opposed to personal or consumer, debts and, as such, the Plaintiff's claims relative to the rental unit do not fall within the FDCPA. <u>Bloom v. I.C. System, Inc.</u>, 972 F.2d 1067, 1068 (9th Cir. 1992). <u>See</u> 15 U.S.C. §1692a.

6. The Plaintiff failed to plead unjust enrichment either as a claim or theory of recovery. Moreover, as the Plaintiff has an adequate remedy at law, unjust enrichment is unavailable. <u>See</u> <u>Pettway v. Harmon Law Offices, P.C.</u>, 2005 WL 2365331, *1 (D.Mass. 2005); <u>In re Lupron Marketing and Sales Practices Litigation</u>, 295 F.Supp.2d 148, 182 (D.Mass. 2003).

7. The Plaintiff conferred no benefit upon MEEB and, as such, unjust enrichment or disgorgment is unavailable. <u>In re Lupron</u>, 295 F.Supp.2d at 182.

8. Unjust enrichment is unavailable either as a claim or theory of recovery as the Plaintiff has not asserted a claim for intentional interference with contractual relations or the existence of a special or fiduciary relationship between the Plaintiff and MEEB. <u>See</u> <u>National Merchandise Corp. v. Leyden</u>, 370 Mass. 425 (1976).

9. The fees paid to MEEB by third parties do not constitute "actual damages" to the Plaintiff under either the FDCPA or c. 93A. 15 U.S.C. §1692k(a)(1); M.G.L. c. 93A, §9(3).

10. The Plaintiff's claims under the FDCPA based upon conduct which occurred prior to February 3, 2008, are barred by the jurisdictional, one-year statute of limitations contained within the FDCPA. 15 U.S.C. §1692k(d).

11. Given that as a matter of sovereignty a state's statute of limitations cannot "trump a more restrictive limitations period set out in a federal statute creating a federal cause of action," the Plaintiff cannot recover under c. 93A for violations of the FDCPA based upon conduct occurring prior to February 3, 2008. <u>See</u> <u>Crooker v. Wachovia Bank, N.A.</u>, 2008 WL 2066943, *1 n. 4 (D.Mass. 2008), citing <u>Cambridge Literary Props., Ltd. v. W. Goebel Porzellanfabrik G.m.b.H. & Co. KG</u>, 510 F.3d 77, 86-87 (1st Cir. 2007).

12. The Plaintiff has failed to establish that he sustained actual damages as a result of a specific violation of the FDCPA or as a result of a violation of c. 93A. 15 U.S.C. §1692k; <u>McCann v. Davis, Malm, & D'Agostine</u>, 423 Mass. 558, 561 (1996). <u>See</u>

also Martin v. Select Portfolio Serving Holding Corp., 2008 WL 618788, *7 (S.D.Ohio 2008) (plaintiff failed to prove actual damages proximately caused by violation of FDCPA).

13. M.G.L. c. 93A is not applicable to MEEB's efforts, on behalf of Pondview Condominium Association, to collect delinquent condominium common expense assessments. Berish v. Bornstein, 437 Mass. 252, 274 (2002) ("G.L. c. 93A is inapplicable to a private dispute between a condominium unit owners' association and a member of that association for failure to pay condominium fees"); Kurker v. Hill, 44 Mass.App.Ct. 184, 190-191 (1998) (c. 93A claim against attorneys for allegedly providing assistance to clients in what was "principally a private grievance" was outside the "conduct of any trade or commerce" within the meaning of c. 93A).

14. The Massachusetts litigation privilege operates to protect MEEB from all liability under c. 93A with regard to its collection activities on behalf of Pondview Condominium Association. See Blanchette v. Cataldo, 734 F.2d 869, 877 (1st Cir. 1984); Davidson v. Cao, 211 F.Supp.2d 264, 275 (D.Mass. 2002) (filing complaint with false statements); U.S. v. Rockland Trust Co., 860 F.Supp. 895, 902-903 (D.Mass. 1994) ("a complete defense to any liability flowing from the statement, "even if statement not defamatory but a simple falsehood"); Curtis v. Duffy, 742 F.Supp. 34, 38 (D.Mass. 1990) ("statements of attorneys made in connection with litigation are absolutely privileged under Massachusetts law"). (Sriberg v. Raymond, 370 Mass. 105 (1976); Doe v. Nutter, McClennen & Fish, 41 Mass.App.Ct. 137, 140 (1996) (the "privilege is absolute" and "provides a complete defense," including claims pursuant to c. 93A, even if the defendant is shown to have acted maliciously or in bad faith); Sullivan v. Birmingham, 11 Mass.App.Ct. 359, 367-368 (1981) (absolute immunity relative to inclusion of ad damnum clause in complaint).

15. The Plaintiff has failed to establish the reasonableness and necessity, through expert testimony or otherwise, of the legal fees allegedly incurred with regard to the underlying collection efforts and eviction actions and that such fees were proximately caused as a result of wrongdoing on the part of MEEB. See Girardi v. Gabriel, 38 Mass.App.Ct. 553 (1995); Santry v. Richman, 6 Mass.App.Ct. 955 (1978).

16. The Plaintiff has presented insufficient evidence from which a finder of fact could conclude, by a preponderance of the evidence, that MEEB engaged in an act or omission prohibited by the FDCPA or otherwise violated the FDCPA. Som v. Daniels Law Offices, P.C., 573 F.Supp.2d 349, 356-357 (D.Mass. 2008).

17. Any violation of the FDCPA on the part of MEEB was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. 15 U.S.C. §1692k(c); Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 130 S.Ct. 1605, 1618-1619 (2010).

18. The objective "least sophisticated debtor" would not have found the collection notices sent by MEEB to the Plaintiff improperly threatening or misleading. Martin v. Sands, 62 F.Supp.2d 196, 199 (D.Mass. 1999).

19. MEEB made no false or misleading material statements to the Plaintiff relative to its debt collection efforts. Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1033 (9th Cir. 2010); Hahn v. Triumph Partnerships, LLC, 557 F.3d 755, 757-758 (7th Cir. 2009); See Miller v. Javitch, Block & Rathbone, 561 F.3d 588, 596 (6th Cir. 2009).

20. MEEB communicated with third parties, in connection with the collection of the delinquent condominium common expense assessments, with the prior consent of McDermott. 15 U.S.C. §1692c(b).

21. MEEB's collection notices were not misleading as they expressly stated that the amount of the debtor's debt may vary based on additional interest, late charges, and collection costs, and no misrepresentation occurred simply because the amount listed in the notice may have ultimately differed from the amount sought in settlement and/or judgment. Newman v. Ormond, 2010 WL 3623174 (11th Cir. 2010).

22. MEEB did not determine the allocation of the payments made by, or on behalf of, the Plaintiff. 15 U.S.C. §1692h.

23. MEEB was not engaged in trade or commerce with the Plaintiff for purposes of c. 93A and, as such, cannot recover under the Massachusetts Consumer Protection Act. Tetrault v. Mahoney, Hawkes & Goldings, 425 Mass. 456, 462 (1997).

24. There is a legally insufficient evidentiary basis from which to conclude that the Plaintiff suffered an actual injury pursuant to c. 93A and that such injury was caused by MEEB. Gathuru v. Credit Control Services, Inc., 623 F.Supp.2d 113, 123 n. 18 (D.Mass. 2009).

25. The Plaintiff sustained no causally related loss that was "reasonably foreseeable" to MEEB. International Totalizing Sys. Inc. v. Pepsi Co., Inc., 29 Mass.App.Ct. 424, 436 n. 18 (1990).

26. The Plaintiff's claimed damages are speculative and not proven with reasonable certainty. Milone v. Moceri Family, Inc., 847 F.2d 35, 38-39 (1st Cir. 1988); Lufkin's Realty, Inc. v. Aseph, 349 Mass. 343, 346 (1965).

27. The Plaintiff's claimed damages were avoidable by the use of reasonable precautions on the part of the Plaintiff. Noble v. Corporacion Insular De Seguros, 738 F.2d 51, 54 (1st Cir. 1984); John S. Doane Co. v. Martin, 164 F.2d 537, 541 (1st Cir. 1947); Global Investors Agent Corporation v. National Fire Ins. Co., 76 Mass.App.Ct. 812, 825 (2010).

28. MEEB did not engage in conduct or communications which contradicted or "overshadowed" the required notices to the Plaintiff under the FDCPA. 15 U.S.C. §1692g. See Bartlett v. Heibl, 128 F.3d 497, 501-502 (7th Cir. 1997).

Wherefore, the Defendant, Marcus, Errico, Emmer & Brooks, P.C., requests that this Honorable Court enter judgment on partial findings in its favor as to the claims of the Plaintiff, William M. McDermott. See Fed.R.Civ.P. 52(c) (judgment on partial findings may enter "[i]f a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue").

>
> Respectfully submitted,
>
> Defendant Marcus, Errico, Emmer & Brooks, P.C.,
> By its attorneys,
>
> /s/ Stephen J. Duggan
> Stephen J. Duggan, BBO # 137610
> SDuggan@lynchlynch.com
> J. William Chamberlain, Jr., BBO # 632784
> BChamberlain@lynchlynch.com
> Lynch & Lynch
> 45 Bristol Drive
> South Easton, MA  02375
> 508-230-2500

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and complete copy of the foregoing document (*Motion of the Defendant, Marcus, Errico, Emmer & Brooks, P.C., for Judgment on Partial Findings Pursuant to Fed.R.Civ.P. 52(c)*) was served in-hand on ~~January~~ Feb. 7, 2011.

> /s/ Stephen J. Duggan
> Stephen J. Duggan