```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS


WILLIAM M. McDERMOTT,
     Plaintiff,


     v.                                    CIVIL ACTION NO.
                                           09-10159-MBB

MARCUS, ERRICO, EMMER & BROOKS, P.C.,
     Defendant.
```

**MEMORANDUM AND ORDER RE:**
**PLAINTIFF'S MOTION FOR LEAVE TO FILE TRIAL BRIEF OF**
**THIRTY-SEVEN PAGES OR FOR ADDITIONAL TIME**
**TO FILE TRIAL BRIEF**
**(DOCKET ENTRY # 59)**

**September 30, 2011**

**BOWLER, U.S.M.J.**

Pending before this court is the above styled motion. (Docket Entry # 59). Plaintiff William M. McDermott ("plaintiff") seeks leave to file a brief that exceeds the 25 page limitation set by this court or, alternatively, be afforded seven days "to attempt to be more concise." (Docket Entry # 59).

BACKGROUND

Plaintiff filed this action against defendant Marcus, Errico, Emmer & Brooks, P.C. ("defendant") on February 3, 2009. The two count complaint sets out violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (Count One) and Massachusetts General Laws chapter 93A (Count Two).

On February 7, 2011, this court concluded a six day bench trial. At the conclusion of the trial, defendant rested and filed a five page motion for judgment as a matter of law under Rule 52(c), Fed. R. Civ. P. ("Rule 52(c)"). (Docket Entry # 46). Plaintiff filed a 19 page opposition.

Also on February 7, 2011, this court allowed plaintiff 30 days after the production of the trial transcripts to file a post trial brief. This court ordered plaintiff to limit the post trial brief to 25 pages, double spaced with 12 point type. On April 25, 2011, plaintiff filed a 37 page post trial brief that violates the February 7, 2011 Order. The brief exceeds the page limit and the extensive and lengthy footnotes are smaller than the required 12 point type. Calculated according to the parameters of the Order including the footnotes, the brief is almost twice the required 25 page limit.

In addition, footnote one purports to incorporate by reference all prior arguments and statements of law in previous filings. It reads as follows:

> There have been substantial recitations of law by both parties in various trial motions and oppositions, the pretrial memorandum, and the requests for jury instructions which McDermott will avoid repeating herein, except when helpful for clarity or emphasis. To the extent necessary, McDermott incorporates herein all his arguments and statements of law previously submitted.

(Docket Entry # 60). Plaintiff's incorporation without any specific identification of the actual filing or proposed jury

instruction[1] plaintiff wishes incorporated is "highly inappropriate" and violates the February 7, 2011 Order.  See Prudential Ins. Co. of America v. Sipula, 776 F.2d 157, 161 n.1 (7th Cir. 1985) (describing as "highly inappropriate" incorporating by reference prior arguments into brief because it violated a page limit rule and "unnecessarily confuse[d] and diffuse[d] the issues presented").

Furthermore, Rule 10(c), Fed. R. Civ. P. ("Rule 10(c)"), does not provide a basis for the incorporation.  By its terms, the rule applies to pleadings.  See Krause v. Buffalo and Erie County Workforce Development Consortium, Inc., 426 F.Supp.2d 68, 77 (W.D.N.Y. 2005).  Rule 10(c) also requires a party to "specifically identify which portions of the prior pleading are adopted therein."  Federal National Mortgage Association v. Cobb, 738 F.Supp. 1220, 1227 (N.D.Ind. 1990); see 5 Charles Wright and Arthur Miller Federal Practice and Procedure § 1326 (3rd ed. 2004) ("references to prior allegations must be direct and explicit in order to enable the responding party to ascertain the nature and extent of the incorporation").

In sum, the global incorporation of unidentified arguments

---

[1] Plaintiff filed 51 proposed jury instructions.

and prior filings into a brief which already exceeds the page limit set by this court is improper. It confuses the issues and violates the page limit Order. Accordingly, footnote one is stricken from the record. Mindful of the time elapsed since the filing, this court will not require plaintiff to re-file a brief that complies with the page limit. The violation, however, undeniably complicates this court's task and further delays a final resolution of this matter.

## CONCLUSION

The motion for leave (Docket Entry # 59) is **ALLOWED** in part and **DENIED** in part inasmuch as this court will consider the brief except for footnote one.

          /s/ Marianne B. Bowler
         **MARIANNE B. BOWLER**
         United States Magistrate Judge